IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN BUTLER,

              Plaintiff,

    vs.

OFFICER JEFFERS #90255, BLYTHE
#90281, VILMAN #90283, BODEN #90277,
and DANBURG #90279,

              Defendants.

**4:24CV3002**

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion for status, Filing No. 6, filed by pro se Plaintiff Steven Butler ("Plaintiff").  The Court grants the motion and provides the following information regarding Plaintiff's case.

As noted previously, as Plaintiff has been granted leave to proceed in forma pauperis, the next step in this case is for the Court to conduct an initial review of Plaintiff's claims as set forth in his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).  Filing No. 5.  This Court now performs the initial review and finds that Plaintiff's Complaint is appropriate for summary dismissal, but in lieu of dismissal the Court sua sponte shall grant Plaintiff leave to amend.[1]

Here, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming law enforcement officers Jeffers, Danburg, Vilman, Blythe, and Boden as defendants.  Filing No. 1 at 2–3.  Plaintiff alleges claims of excessive force and cruel and unusual punishment, presumably against all named defendants.  *Id.* at 4.

---

[1] The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, it appears that many of the allegations in Plaintiff's Complaint are cut off, as the totality of Plaintiff's allegations against the defendants contained in the Complaint are as follows:

> Plaintiff appeared . . . at the Lancaster County Court house on an unrelated matter before the court. As the Plaintiff was seated in a public hallway,

> Multiple Sheriff Officer[s] approached him (Officer Jeffers #90255, Blythe #90281, Vilman #90283, [B]oden #90277, Danburg #90279), and possibly some other officers with the sheriffs, and began to physically seize him. Unsure of what was happening, the Plaintiff held onto the arm [of] his chair to avoid being thrown to the floor. Plaintiff did not threaten or attempt to take or touch the officers' equipment. Plaintiff was immediately sprayed in the face with pepper spray and was pinned to the ground by several officers with one of his arms stuck under his body. When he was unable to produce the arm for . . . .

Filing No. 1 at 5 (punctuation and spelling corrected).

Because the factual allegations are incomplete the Court cannot determine whether the Complaint alleges a claim showing that the Plaintiff is entitled to relief against any of the defendants. As such, Plaintiff needs to amend his Complaint to include all factual allegations supporting each claim against each defendant and may attach separate pages if needed to be sure all his allegations are visible and readable by this Court.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion for status, Filing No. 6, is granted.

2.      Plaintiff shall have until **November 18, 2024**, to file an amended complaint that clearly states a claim or claims upon which relief may be granted against all named Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

3.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), in the event he files an amended complaint.

4.      The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 18, 2024:** Check for amended complaint.

3

Dated this 18th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court