IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER JEFFERS #90255, BLYTHE #90281, ULLMAN #90283, BODEN #90277, and DANBURG #90279,<br><br>    Defendants. | 4:24CV3002<br><br>**MEMORANDUM AND ORDER NUNC PRO TUNC** |

  This matter is before the Court to perform an initial review of an Amended Complaint filed by pro se Plaintiff Steven Butler ("Plaintiff"), Filing No. 9, following this Court's October 18, 2024, review of Plaintiff's initial complaint at Filing No. 1, finding that it was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), if not amended, *see* Filing No. 8. As Plaintiff has filed an Amended Complaint the matter is ripe for review.[1]

  For the reasons set forth below, this Court shall allow Plaintiff's Fourth Amendment excessive force claim against defendants Jeffers, Blythe, Bolden, and Danberg in their individual capacities to proceed.[2] Defendant Ullman shall be dismissed from this matter as shall the remainder of Plaintiff's claims against defendants Jeffers, Blythe, Bolden, and Danberg.

---

[1] As Plaintiff is proceeding without payment of fees, *see* Filing No. 5 (granting Plaintiff leave to proceed in forma pauperis), this Court must perform an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine if the Amended Complaint or any portion of it is subject to summary dismissal.

[2] In so finding, the Court only finds that the facts pleaded in the Amended Complaint in support of these claims are sufficient to pass screening but takes no position on the merits of the claims.

## I. FACTUAL BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming Lancaster County Sheriff's Department law enforcement officers Jeffers, Danburg, Ullman, Blythe, and Boden as defendants and suing each of them in their individual capacity. Filing No. 9 at 2. Plaintiff alleges claims of excessive force, violation of the right to peaceful protest, and the failure to preserve evidence presumably against all named defendants. *Id.* at 3–4.

Specifically, Plaintiff alleges that on August 26, 2021, Plaintiff went to the Lancaster County Courthouse for an unrelated matter. *Id.* at 2. While seated in the hallway of the courthouse, all defendants "approached him," and defendants Blythe and Jeffers informed Plaintiff they had an arrest warrant for him. *Id.* Plaintiff alleges that he "immediately notified [Jeffers and Blythe] that he was protesting the nature of the warrant and that [Plaintiff's] constitutional rights were being violated" and that he intended his protest to be peaceful. *Id.* Plaintiff alleges that at no time during his "protest" did he threaten the defendants or attempt to physically resist arrest, instead only making "verbal objections." *Id.*

During that time Plaintiff alleges defendants Bolden and Danburg, along with several other unnamed law enforcement officers arrived, and, without warning, Bolden sprayed him in the face with pepper spray, after which Plaintiff was physically seized by defendants Jeffers, Blythe, and "others." *Id.* at 2–3. Plaintiff alleges he was pinned to the ground with one of his arms trapped beneath his own body making it impossible to comply with any orders to present his hands for handcuffing, which resulted in defendant Danburg tasing Plaintiff for his failure to comply. *Id.* at 3. Plaintiff further alleges that the officers' statements and video footage were produced in an internal investigation which resulted in an "official report" but were not preserved. *Id.*

2

As relief Plaintiff seeks monetary damages, including a $200,000 donation to the American Civil Liberties Union, an order requiring "the head of each relevant public office" to maintain insurance coverage for police officers, and an order requiring the defendants to correct any media misreporting related to Plaintiff's arrest. *Id.* at 4.

## II. LEGAL STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The Court now reviews Plaintiff's claims of violation of the right to peaceful protest, excessive force, and failure to preserve evidence as well as the relief sought to determine if any may proceed under Section 1983.

### A. Defendant Ullman

Before this Court addresses Plaintiff's specific claims, the Court notes that Plaintiff names Ullman as a defendant but provides no factual allegations connecting Ullman to any of his claims. *See* Filing No. 9 at 2–3. Indeed, the only allegation in the Amended Complaint addressing Ullman's involvement

3

is that he, along with the other defendants, "approached" Plaintiff while he was seated in the courthouse hallway.  Filing No. 9 at 2.

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Without any facts connecting Ullman to any of the alleged violations, Plaintiff has failed to establish he is entitled to any relief against Ullman.  As such, Ullman shall be dismissed from this suit.

**B.  Peaceful Protest**

Plaintiff alleges his First Amendment right to peaceful protest was violated via his arrest by defendants.  However, while Plaintiff alleges he was protesting the "unconstitutional nature of the arrest warrant," he does not describe why he believed the warrant was unconstitutional or what he was

4

being arrested for. Moreover, while it is a "violation of foundational First Amendment rights to forcibly end a peaceful protest in a traditional public forum without any legitimate justification for doing so," *see* e.g. *Black Lives Matter D.C. v. Trump*, 544 F. Supp. 3d 15, 45 (D.D.C. 2021), *aff'd sub nom*. *Buchanan v. Barr*, 71 F.4th 1003 (D.C. Cir. 2023), there is no question the defendants effectuated Plaintiff's arrest via an arrest warrant, which provides legitimate justification for the arrest. The fact that Plaintiff may have protested the validity of the warrant during his arrest does make his arrest a violation of his First Amendment rights.

Indeed, the United States Supreme Court has clearly established that an officer "executing an arrest warrant is not required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (no violation of due process where plaintiff detained on facially valid warrant despite officer's mistaken arrest of plaintiff in place of his brother); *Mann v. Township of Hamilton*, Civ. No. 90–3377, 1991 WL 87586, at *2 (D.N.J. May 20, 1991) (holding that police officer who executes a facially valid arrest warrant does not have a "duty under the fourth amendment to investigate the validity of the warrant upon a protest by the arrestee that the warrant is invalid"). This is so even if the arrest was made pursuant to a bench warrant that was invalid at the time of arrest. *See Mitchell v. Aluisi*, 872 F.2d 577, 579 (4th Cir. 1989) (granting summary judgment for deputy sheriffs on civil rights claim where they made arrest pursuant to bench warrant that had been recalled, even though plaintiff informed them of status); *Druckenmiller v. United States*, 548 F. Supp. 193, 194–95 (E.D. Pa. 1982) ("[T]he law is 'clearly established' that law enforcement officers who effect an arrest pursuant to a facially valid arrest warrant are

5

immune from suit alleging a constitutional deprivation."). For these reasons, Plaintiff's First Amendment claim cannot proceed against any defendant.

## C. Excessive Force

Plaintiff alleges that all defendants violated the prohibition against cruel and unusual punishment contained in the Fourth Amendment by using a taser and pepper spray to effectuate his arrest in August of 2021. Filing No. 9 at 3.

Generally speaking, an arrestee has a right to be free from the use of excessive force under the Fourth Amendment. *See, e.g., Kukla v. Hulm*, 310 F.3d 1046, 1050 (8th Cir. 2002). To determine if a Fourth Amendment violation has occurred in the circumstances described by Plaintiff, this Court must determine, "from the perspective of a reasonable officer on the scene, 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Franklin for Est. of Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The appropriate inquiry is "whether the force used to effect a particular seizure is reasonable." *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) (internal citations omitted). While a de minimis use of force is insufficient to support a claim and the degree of injury tends to show the amount and type of force used, the seemingly de minimis nature of an alleged injury does not automatically foreclose a constitutional claim. *Id.* (internal citations omitted).

Here, Plaintiff alleges that when the defendants approached him, he peacefully protested his arrest by verbal means only, but did not physically resist. Filing No. 9 at 2. Plaintiff further alleges that, although he did not physically resist arrest, defendants Bolden, Blythe, and Jeffers sprayed him in the face with pepper spray, and that Danberg tased him and pinned him to the ground. *Id.* at 3.

While the Court understands that some level of force is sometimes necessary to arrest an individual who refuses to comply with a law enforcement officer, in determining whether a plaintiff has established a plausible claim, courts "accept[ ] as true all of the factual allegations contained in the complaint and afford[ ] the plaintiff all reasonable inferences that can be drawn from those allegations." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Plaintiff alleges his resistance to arrest was solely verbal, and verbal resistance alone does not often establish the need for heightened physical force. *See, e.g.*, *Brossart v. Janke*, 859 F.3d 616, 626 (8th Cir. 2017) (finding that verbal resistance coupled with physical resistance necessitated the use of heightened force).

When taking the allegations in the Amended Complaint as true, the use of force in Plaintiff's case seems excessive when related to Plaintiff's alleged lack of physical resistance. Therefore, his Fourth Amendment claims against Bolden, Blythe, Danberg, and Jeffers may proceed.

### D. Failure to Preserve Evidence

Plaintiff alleges that the failure of the defendants to preserve and produce body camera footage is a violation of his "constitutional rights." Filing No. 9 at 4. Plaintiff's claim suffers from a multitude of issues.

First, Plaintiff does not indicate which defendants failed to preserve the body camera footage. Therefore, for the same reasons Ullman must be dismissed from this suit, his failure to preserve evidence claim also fails.

Moreover, while the failure to preserve evidence may violate due process when those actions are attributable to the government, *see Arizona v. Youngblood*, 488 U.S. 51 (1988), as noted by the Eighth Circuit in *White v. McKinley*, "an investigating officer's failure to preserve evidence potentially useful to the accused or their failure to disclose such evidence does not

7

constitute a denial of due process *in the absence of bad faith*." 519 F.3d 806, 814 (8th Cir. 2008) (emphasis added) (citing *Villasana v. Wilhoit*, 368 F.3d 976, 980 (8th Cir. 2004)). Therefore, to recover damages, a Plaintiff must provide evidence "that a law enforcement officer other than the prosecutor intended to deprive the defendant of a fair trial." *Id.* (citing *Wilhoit*, 368 F.3d at 980).

Plaintiff alleges no facts relating to what happened following his arrest. While Plaintiff alleges that some investigation of the incident was undertaken internally by the Lancaster County Sheriff's Office, *see* Filing No. 9 at 3, the purpose and findings from that investigation are unclear, as is whether the body camera evidence was utilized in those investigations. And finally, Plaintiff simply concludes that the body camera footage was not preserved in bad faith but offers no support for his conclusions. Such conclusory statements do not meet Rule 8 pleading standards as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

For these reasons Plaintiff's destruction of evidence claims against all defendants fail.

**E. Unavailable Relief**

"While courts have 'broad and flexible equitable powers to fashion a remedy that will fully correct past wrongs,' that authority is limited by the authority or purpose pursuant to which the equitable power is exercised." *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (quoting *Smith v. Town of Clarkton*, 682 F.2d 1055, 1068 (4th Cir. 1982)). To that end, federal courts must exercise the least possible power to effectuate the proposed end. *Id.* (quoting *Spallone v. United States*, 493 U.S. 265, 280 (1990) (quotations omitted)).

Here, while Plaintiff's suit for money damages is appropriate under Section 1983, his demand for those damages to include a $200,000 donation to the American Civil Liberties Union, an order requiring "the head of each relevant public office" to maintain insurance coverage for police officers, and an order requiring the defendants to correct any media misreporting related to Plaintiff's arrest, cannot be maintained here. As an initial matter, while damages are awarded to a successful Plaintiff under Section 1983, a request to donate some of the proceeds of any award from this action is still a request for money damages. *See Ware v. Mo. Dep't of Corr.*, No. 4:24-CV-934 ACL, 2024 WL 3509508, at *3 (E.D. Mo. July 23, 2024) (characterizing a request for defendants to donate to a nonprofit as relief as a claim for money damages). While this Court cannot order defendants to donate money as relief to Plaintiff, Plaintiff is certainly able to make such a donation on his own with whatever monetary relief he may obtain from this suit.

This Court also sees no connection between the claims alleged and Plaintiff's request that this Court require unnamed non-parties to maintain insurance coverage for officers, and the scope of Plaintiff's request relating to requiring defendants to "correct" <u>any</u> media misreporting about Plaintiff's arrest (presuming any media reporting is incorrect) is vastly overbroad as this Court cannot order defendants to scour the world of print media to correct any alleged misreporting. Such an order would go far beyond "the least possible power" this Court may exercise.

IT IS THEREFORE ORDERED:

1.  Plaintiff's Fourth Amendment excessive force claim against defendants Jeffers, Blythe, Bolden, and Danberg in their individual capacities shall proceed for relief in the form of monetary damages only. All remaining claims against defendants Jeffers, Blythe, Bolden, and Danberg and all claims

9

against defendant Ullman shall be dismissed without prejudice as are all other forms of relief sought in the Amended Complaint.

2. For service of process on defendants Jeffers, Blythe, Bolden, and Danberg, in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Lancaster County Sheriff's Office, 575 South 10th Street, Lincoln, NE 68508," and forward them together with a copy of the Amended Complaint, Filing No. 9, and a copy of this Memorandum and Order to the United States Marshals Service.

3. The Marshals Service shall serve Officers Jeffers, Blythe, Bolden, and Danberg by certified mail or other authorized method of service at the Lancaster County Sheriff's Office address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

10

7.     The Clerk of Court is directed to set a case management deadline in this case with the following text: **June 12, 2025**: service of process to be completed.

8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

Dated this 14th day of March, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge