IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>        Plaintiff,<br><br>    vs.<br><br>DEPUTY JEFFERS, (90255); DEPUTY BLYTHE, (90281); DEPUTY BOLDEN, (90277); DEPUTY DANBURG, (90279);<br><br>        Defendants. | 4:24CV3002<br><br>ORDER |

    Upon initial review, Senior District Judge John M. Gerrard directed the United States Marshals Service to serve Officers Jeffers, Blythe, Bolden, and Danburg by certified mail or other authorized method of service at the Lancaster County Sheriff's Office. Defendants Jeffers, Bolden, and Danburg have been successfully served and an answer to the amended complaint was filed on March 27, 2025 on behalf of those three defendants. (Filing No. 19). The summons form addressed to Deputy Blythe # 90281 has been returned unexecuted as Blythe is no longer employed by the Lancaster County Sheriff's Department. See Filing No. 22.

    Plaintiff has filed a "Reply to Defendants' Answer," which is not an allowed pleading under Fed. R. Civ. P. 7. Accordingly, the document will be stricken. Additionally, Plaintiff filed a "Proposed Discovery Plan" pursuant to Fed. R. Civ. P. 26(f). Although this case was initially assigned to Judge Gerrard on the Pro Se Docket, it is now assigned to Chief Judge Robert F. Rossiter, Jr. for disposition and the undersigned Magistrate Judge for judicial supervision. In this district, pro se cases assigned to a district judge for trial are exempt from the disclosure and conference requirements of Federal Rule of Civil Procedure 26. Local Rule NeCivR. 16.1(c). provides:

> Unless otherwise ordered by the court, approximately 30 days after the last defendant files an answer, the court will issue an "Order Setting Schedule for

Progression of Case" addressing discovery and other issues. No discovery may take place until this progression order is entered except upon motion and order.

The court has yet to enter a progression order which begins the discovery process in this matter, and it shall not be entered until Blythe has been served.

IT IS ORDERED:

1. The Court is aware that Defendant Blythe has not been served with Plaintiff's Amended Complaint in 4:24-cv-3002 because Blythe is no longer employed by the Lancaster County Sheriff's Department. Accordingly,

   a. The Clerk of the Court is directed to obtain the last-known address for Officer Blythe # 90281 from the United States Marshals Service for service of process on Defendant Blythe in his individual capacity.
   b. Once such address is obtained, the Clerk of the Court is directed to complete a summons form and USM-285 form for Defendant Blythe using the address provided by the Marshals Service and forward the documents together with a copy of the Amended Complaint (Filing No. 9), a copy of the Memorandum and Order Nunc Pro Tunc (Filing No. 21), and this order for service of process on Defendant Blythe in his individual capacity using any of the following methods: personal, residence, certified mail, or designated delivery services. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01[1].
   c. The United States Marshall shall serve all process without prepayment of fees from Plaintiff. (See Filing No. 21).
   d. The Clerk of the Court is directed to file under seal any document containing the last-known personal address for Defendant Blythe.
   e. Defendant Blythe must serve an answer or other responsive pleading within 21 days after being served. See Fed. R. Civ. P. 12.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). See, e.g., *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

2. In accordance with Fed. R. Civ. P. 7(a)(7), Plaintiff's Reply (Filing No. 26) is stricken.

3. The Clerk shall update the answering Defendants' names on the docket as they have identified themselves in Filing No. 19:

    a. Officer Michael Jeffers, in his individual capacity;
    b. Officer Ronald Boden, in his individual capacity; and
    c. Officer Stewart Danburg in his individual capacity.

Dated this 24th day of April, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge