IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICER MICHAEL JEFFERS, OFFICER DAVID BLYTHE, OFFICER RONALD BODEN, and OFFICER STEWART DANBURG, in their individual capacities,<br><br>            Defendants. | **4:24CV3002**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Steven Butler's ("Butler") Motion to Strike Scandalous and Prejudicial Material (Filing No. 37) in Officers Michael Jeffers, David Blythe, Ronald Boden, and Stewart Danburg's (collectively, the "officers") answer (Filing No. 19) to Butler's Amended Complaint (Filing No. 9). *See* Fed. R. Civ. P. 12(f). Accused of using excessive force to arrest Butler, the officers oppose the motion, arguing it is untimely, procedurally flawed, and intrudes on their right and duty to answer Butler's serious allegations (Filing No. 38).

Under Rule 12(f), the Court has broad discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091 (8th Cir. 2021). Despite that discretion, this Court—like most—generally disfavors motions to strike and infrequently grants them due to the drastic and extreme nature of the remedy. *See Stanbury L. Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam). This case is not the rare exception.

Butler seeks to strike the following statement in Paragraph 7 of the officers' answer:

Defendant Jeffers admits he contacted plaintiff on that day due to an outstanding warrant for his arrest due to criminal charges against plaintiff for failing to comply with his obligations as a registered sex offender.

He contends, "This gratuitous inclusion of unrelated character information serves no legitimate purpose in this action, which concerns the excessive and retaliatory use of force during an arrest." Not true.

The statement is not gratuitous, unrelated, or otherwise improper. It responds to Butler's specific allegations, provides context for the officers' actions, and states the reason for Butler's arrest on a felony warrant. It is therefore relevant to pertinent issues raised by Butler's claims. *See*, *e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that the key question in an excessive-force claim "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them").

For those reasons, plaintiff Steven Butler's Motion to Strike Scandalous and Prejudicial Material (Filing No. 37) is denied.

IT IS SO ORDERED.

Dated this 20th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2