IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>      Plaintiff,<br><br>vs.<br><br>OFFICER MICHAEL JEFFERS, in his individual capacity; OFFICER DAVID BLYTHE, in his individual capacity; OFFICER RONALD BODEN, in his individual capacity; and OFFICER STEWART DANBURG, in his individual capacity;<br><br>      Defendants. | **4:24CV3002**<br><br><br>**ORDER** |

    This matter is before the court on Plaintiff's Motion to Stay Proceedings and Request for Appointment of Counsel or Disability Advocate. (Filing No. 46). Plaintiff alleges that he is disabled and has been unable to locate a qualified disability advocate or legal representative to assist him with discovery responses, evidentiary compilation, and trial preparation. (Filing No. 46). He requests an attorney be appointed under 28 U.S.C. 1915(e)(1). Defendants have not responded to the motion and the time for doing so has passed.

    The plaintiff has no right to an attorney in this proceeding, because it is civil, not criminal. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). But the Court may request an attorney to represent a person who is unable to afford an attorney. 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); see generally *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). The Court must consider the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Ward*, 721 F.3d at 942; *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Court may also consider the merits of the claim, the plaintiff's efforts

to obtain counsel, and the plaintiff's financial ability to retain an attorney. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996 (8th Cir. 1983)).

Plaintiff's Amended Complaint alleges he attended a proceeding in the Lancaster County Courthouse and officers approached, informing him there was a warrant for his arrest. Plaintiff states that he peacefully protested the arrest and notified the deputies that his constitutional rights were being violated. (Filing No. 9 at CM/ECF p. 2). He alleges the deputies pepper-sprayed and seized him, causing him physical pain and injury, and the defendants failed to preserve evidence related to his claims. Plaintiff's Amended Complaint is relatively straightforward, and the issues are not factually or legally complex. Plaintiff is proceeding *in forma pauperis*, but there is nothing in his motion explaining the efforts he has made to obtain counsel, including on a contingency basis, which is common for a plaintiff pursuing a civil rights remedy. *See Hale*, 720 F.2d at 998. Plaintiff also asserts that he is disabled, but he does not explain what his disability is or how it affects his ability to litigate this case. Considering all of the factors, the court finds appointment of counsel is not warranted under the facts presented.

As to Plaintiff's motion to stay case progression, a progression order was entered on May 6, 2025 and many of the deadlines are several months in the future. At this time, Plaintiff has not shown good cause to stay case progression.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Stay and Appoint Counsel (Filing No. 46), is denied.

Dated this 14th day of July, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge