IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN BUTLER,<br><br>                         Plaintiff,<br><br>        v.<br><br>OFFICER MICHAEL JEFFERS, OFFICER DAVID BLYTHE, OFFICER RONALD BODEN, and OFFICER STEWART DANBURG, in their individual capacities,[1]<br><br>                         Defendants. | 4:24CV3002<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on the magistrate judge's[2] Findings and Recommendation (Filing No. 57) recommending the Court deny Butler's Petition for a Writ of Mandamus and Emergency Relief under 28 U.S.C. §§ 1361 and 1651 (Filing No. 51) and Motion for Leave to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (Filing No. 52). *See* 28 U.S.C. § 636(b)(1) (authorizing the Court to refer certain matters to a magistrate judge). Starting with the petition, the magistrate judge concluded Butler failed to show his circumstances warrant the "drastic and extraordinary"

---

[1] In his Amended Complaint (Filing No. 9), plaintiff Steven Butler ("Butler") names Deputies Jeffers, Blythe, Bolden, Danburg, and Ullman as defendants. He apparently did not have their first names. On initial review (Filing No. 21), the Court dismissed Deputy Ullman from this matter and narrowed the claims against the remaining defendants. *See* 28 U.S.C. § 1915(e)(2)(B). On March 27, 2025, Officers Michael Jeffers, Ronald Boden, and Stewart Danburg answered (Filing No. 19) the Amended Complaint and reported their "correct names," which includes their first names and the clarification that the person Butler identified as "Bolden" should be "Boden." A few weeks later, Officer David Blythe likewise answered and gave his full name (Filing No. 31). To date, Butler's pleading has not been updated to reflect the defendants' full names or to correct the misnomer. For purposes of this Memorandum and Order, the Court will use the correct names and order Butler to amend the complaint to reflect the correct information going forward.

[2] The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

remedy of mandamus. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-260 (1947) (explaining such an extraordinary remedy is "reserved for really extraordinary causes")).

Turning to the motion for leave to amend, the magistrate judge found Butler's proposed amendments were "not entirely clear." The magistrate judge also articulated several reasons to conclude Butler's "request to amend is futile" and found he failed to include sufficient allegations to nudge his "claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Butler objects to the magistrate judge's Findings and Recommendation on multiple grounds (Filing No. 61). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). He also asks the Court to stay or defer summary-judgment proceedings in this case and expedite the ruling on his amended complaint (Filing No. 58).

In his first objection, Butler argues his circumstances are in fact drastic and extraordinary because "critical, court-ordered evidence was withheld for months despite prior requests." According to Butler, "mandamus is proper to preserve evidence and vindicate due process." He also asserts the magistrate judge failed to consider the Court's affirmative duty to reexamine unconstitutional applications of the law under *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 264 (2022). In particular, he "urges this Court to recognize its constitutional and statutory authority to reexamine the doctrines of qualified and absolute immunity."

With respect to his request for leave to amend, Butler contends the denial of his request "was an abuse of discretion." Reiterating that he is proceeding *pro se*, he notes leave should be freely granted under Rule 15(a)(2) and argues his proposed "limited amendment to add Lancaster County" as a defendant is not futile. He also faults the magistrate judge for prematurely finding "state law claims time-barred and defamation claims insufficient, without considering [his] ability to plead tolling or additional facts."

2

Butler last objects that "the Magistrate Judge failed to address [his] arguments concerning Nebraska's judicial selection system, known as the Missouri Plan, and its implications for judicial independence and constitutional structure." He also discusses "[t]he judiciary's refusal to confront systemic abuses" and again "requests that this Court stay all further proceedings in this matter until such time as counsel or an [Americans with Disabilities Act ("ADA")] advocate is appointed or otherwise made available." As he sees it, "Such a stay would not prejudice Defendants but would safeguard the integrity of the process and uphold the Court's responsibility to ensure justice is not compromised by disability or lack of representation." To that end, he asks the Court to "[r]econsider the denial of appointed counsel under 28 U.S.C. § 1915(e)(1) or, alternatively, order ADA accommodations (extended deadlines; telephonic/video appearances; plain-language directives) consistent with Title II of the ADA and Section 504."

None of the defendants has weighed in on Butler's objections or his other pending motions. *See* NECivR 7.1(b)(1)(B); 72.2(a).

As Butler points out, § 636(b)(1) requires the Court to "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." *See also Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." The Court "may accept, reject, or modify," the Findings and Recommendation "in whole or in part" and can receive additional evidence if necessary. 28 U.S.C. § 636(b)(1).

Having carefully completed that review, the Court finds no compelling reason to reject or modify the Findings and Recommendation. *See id.* The magistrate judge thoroughly considered Butler's sundry arguments and explained his sound reasons for recommending the Court reject them. Put simply, the Court agrees with the magistrate judge that Butler has not shown that he is entitled to the extraordinary relief of a writ of mandamus, *see Cheney*, 542 U.S. at 380, or that justice requires that he be granted leave to

amend his pleading a second time. Butler also inaptly attempts to reassert matters, like his claim about the preservation of evidence and request for the appointment of counsel, already duly considered and rejected by this Court (Filing No. 21) and the magistrate judge (Filing No. 47).[3]

In light of the foregoing,

IT IS ORDERED:

1. Plaintiff Steven Butler's objections (Filing No. 61) are overruled, and his ancillary requests for relief are denied.

2. The magistrate judge's Findings and Recommendation (Filing No. 57) is accepted.

3. Butler's Petition for a Writ of Mandamus and Emergency Relief under 28 U.S.C. §§ 1361 and 1651 (Filing No. 51) and Motion for Leave to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (Filing No. 52) are both denied.

4. Butler's Motion to Stay/Defer Summary-Judgment Proceedings and to Expedite Ruling on Amended Complaint (Filing No. 58) is denied as moot. Butler must respond to the pending motion for summary judgment (Filing No. 53) on or before December 18, 2025.

5. Butler shall amend his complaint on or before December 1, 2025, to update the full names of the defendants and correct the misnomer regarding defendant Ronald Boden's last name. No other amendments are permitted.

6. Failure to comply with this Memorandum and Order could result in the dismissal of this case without further notice.

---

[3] The Court notes Butler did not timely object to the magistrate judge's conclusion that the discretionary appointment of counsel in this civil case was unnecessary because his "Amended Complaint is relatively straightforward, and the issues are not factually or legally complex." *See* 28 U.S.C. § 636(b)(1) (giving fourteen days to object to a findings and recommendation); Fed. R. Civ. P. 72(b)(2); NECivR 72.2(a).

Dated this 18th day of November 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge