IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN BUTLER,

　　　　　Plaintiff,

v.

OFFICER MICHAEL JEFFERS, OFFICER
DAVID BLYTHE, OFFICER RONALD
BODEN, and OFFICER STEWART
DANBURG, in their individual capacities,[1]

　　　　　Defendants.

4:24CV3002

MEMORANDUM
AND ORDER

On January 7, 2026, the Court dismissed this case (Filing No. 63) pursuant to Federal Rule of Civil Procedure 41(b) because *pro se* plaintiff Steven Butler ("Butler") failed to comply with this Court's November 18, 2025, Memorandum and Order (Filing No. 62) ordering him to "amend his complaint on or before December 1, 2025," and respond to the then-pending Motion for Summary Judgment on Behalf of Defendants (Filing No. 53) "on or before December 18, 2025." In light of that dismissal, the Court denied the pending motion as moot and entered judgment the same day (Filing No. 64). The Court mailed copies of its Memorandum and Order and Judgment to Butler at his address of record—19348 E Levy Street, Williston, FL 32696.

Now before the Court is Butler's Notice of Non-Receipt of Court Correspondence; Motion to Reissue Notices/Provide Docket & Notice History; Motion to Reset Status Conference; Request for Reasonable Accommodations and Appointment of Counsel (Filing No. 65). Reporting he seeks to "ensure the record is accurate and to request relief necessary to protect due process and allow this case to proceed on the merits," Butler avers

---

[1]This Court previously identified (Filing No. 62) some issues with the names of the defendants in the operative pleading (Filing No. 9). As before, the Court has used what it understands to be the defendants' correct names for purposes of this order.

that he has not received any correspondence from the Court since receiving the notice canceling a status conference that was set for October 28, 2025.[2]

According to Butler, he is "concerned that he may have unknowingly missed deadlines or settings due to lack of notice and asks the Court to ensure he has a complete and current record." In that vein, he states the following:

> To the extent this action has been dismissed, closed, or administratively terminated based on a missed setting, missed deadline, or failure to respond that Plaintiff did not receive notice of, Plaintiff moves for relief under **Fed. R. Civ. P. 60(b)(l)** (excusable neglect) and **60(b)(6)** (any other reason justifying relief), and requests the Court **vacate** such dismissal/closure and **reopen** the case. Plaintiff acts promptly upon discovering the issue and seeks resolution on the merits rather than by procedural default.

(emphasis in original). He further requests "reasonable accommodations," such as "receiving notices by **both mail and email**" (emphasis in original) and the "appointment of counsel or pro bono referral."

Having carefully reviewed Butler's motion, the Court finds he is not entitled to any relief at this time. *See* Fed. R. Civ. P. 60(b)(1), (6). To start, the Court is skeptical of Butler's claim that he has not received any notice or other correspondence in this case for the past four months and remains in the dark as to the status of his case. The Court has consistently sent its notices and rulings in this case to Butler's address of record—the same address he presently asks the Court to use. None of them have been returned as undeliverable, and the Court is not persuaded on this record that its process—which has been used repeatedly in myriad cases without issue—has suddenly broken down.

At the very least, Butler's motion and his specific requests for relief strongly suggest that he might actually be aware that his case has been dismissed for failure to comply with

---

[2]The Court notes it sent that notice to Butler's address of record on October 21, 2025. In his motion, he confirms that is his correct address.

the Court's prior Memorandum and Order.[3]  What's more, a purported breakdown in the process of delivering hard-copy documents to Butler would not wholly absolve him of his affirmative duty to prosecute his own case in a timely manner or comply with the Court's orders.  *See* Fed. R. Civ. P. 41(b).

In any event, without more, Butler's naked assertion that he has not received notice in this case since October 2025 is not sufficient to establish excusable neglect under Rule 60(b)(1) or to otherwise justify the extraordinary remedy of relief from judgment under Rule 60(b)(6).  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (reiterating that "a movant seeking relief under Rule 60(b)(6)" must "show 'extraordinary circumstances' justifying the reopening of a final judgment"); *Mehner v. Furniture Design Studios, Inc.*, 143 F.4th 941, 955 (8th Cir. 2025) (declining to consider a claim for relief under Federal Rules of Civil Procedure 59(e) and 60(b) "in the absence of any meaningful argument"); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (affirming the district court's determination "that this was not the exceptional case requiring the extraordinary relief from judgment available under Rule 60(b)(1)").

For the foregoing reasons,

IT IS ORDERED:

1.      Plaintiff Steven Butler's Notice of Non-Receipt of Court Correspondence; Motion to Reissue Notices/Provide Docket & Notice History; Motion to Reset Status Conference; Request for Reasonable Accommodations and Appointment of Counsel (Filing No. 65) is denied.

2.      The Clerk of Court is directed to send Butler by certified mail to his address of record copies of this Memorandum and Order; the Court's January 7, 2026, dismissal order (Filing No. 63) and Judgment (Filing No. 64); and its November 18, 2025, Memorandum and Order (Filing No. 62).

---

[3]Like the Court's prior rulings, that Memorandum and Order specifically warned Butler that his failure to comply "could result in the dismissal of this case without further notice."

3

Dated this 30th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge